**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL R. ALLEN,

        Petitioner,

v.

        CIVIL NO. 05-CV-70394-DT
        HONORABLE NANCY G. EDMUNDS
        UNITED STATES DISTRICT COURT

MILLICENT WARREN,

        Respondent.
_____/

## OPINION AND ORDER VACATING THE ORDER TO HOLD RESPONDENT'S MOTION TO DISMISS IN ABEYANCE AND SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS

      On February 2, 2005, petitioner, through counsel, Sanford A. Schulman, sought the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, petitioner challenges several convictions for first and second-degree criminal sexual conduct. On August 2, 2005, respondent filed a motion to dismiss, on the ground that petitioner had failed to properly exhaust his claims in the state courts. Petitioner did not respond to the motion to dismiss. On January 5, 2006, this Court held the motion to dismiss in abeyance and ordered respondent to file an answer addressing the merits of petitioner's claims. Having again reviewed the pleadings before this Court and the state court record, this Court now believes that the motion to dismiss should be granted. Accordingly, the Court vacates its order holding the motion to dismiss in abeyance and will summarily dismiss the petition without prejudice.

1

## I.  Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court.  Petitioner's conviction was affirmed on appeal. *People v. Allen,* 239990 (Mich.Ct.App. August 14, 2003); *lv. den.* 469 Mich. 1052; 678 N.W. 2d 436 (2004).  Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I.  The trial court erred in refusing to suppress petitioner's oral statement which was procured without *Miranda* warnings during a custodial interrogation and a written statement was procured by coercion.
>
> II.  The trial court committed reversible error by allowing irrelevant bad act evidence to be admitted contrary to M.R.E. 404(b) where the prosecutor failed to show that its probative value to a material issue outweighed its inherently prejudicial character; and counsel was ineffective since he failed to object to the introduction of the evidence at trial, thereby denying the petitioner due process under U.S. Const. Ams. V, XIV, and Mich. Const. 1963, Art. 1, § 17.
>
> III.  Other than Mr. Allen's purported statements to the police, there was insufficient evidence to establish the *corpus delicti* of the charges, in particular the alleged penetrations of the victims, and the trial judge reversibly erred in denying petitioner's motion for a directed verdict.
>
> IV. The trial court improperly departed from the statutory sentencing guidelines by as much as eleven (11) years and imposed a 30 year prison sentence based on the Court's "opinion" that the crime would have lifelong repercussions on the victims, as such a reason does not satisfy the "substantial and compelling"standards as implemented by this Court in *People v. Babcock.*

## II.  Discussion

Respondent has moved to dismiss petitioner's application for writ of habeas corpus for failure to exhaust state court remedies, on the ground that

petitioner failed to federalize three of his four habeas claims in the state courts.

This Court originally held the motion in abeyance and ordered a responsive pleading on the merits from respondent. Having again reviewed the pleadings and the state court record, this Court believes that respondent's motion to dismiss should be granted. Pursuant to Fed. R. Civ. P 60(b), a federal district court may act *sua sponte* to repair mistakes in its judgments and orders. *See U.S. v. Certain Land Situated in City of Detroit, Wayne County, Michigan,* 178 F. Supp. 2d 792, 801-02 (E.D. Mich. 2001)(collecting cases). The instant petition must be dismissed without prejudice, because it contains claims which have not been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

The exhaustion requirement requires that a federal habeas petitioner fairly present the substance of each federal constitutional claim to state courts using

citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993); *Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). In order to exhaust state court remedies, a habeas petitioner must present his or her claim to the state courts as a federal constitutional issue, not merely as an issue that arises under state law. *Koontz v. Glossa*, 731 F. 2d 365, 368 (6th Cir. 1984)(cites omitted). It is not enough that all the facts necessary to support the federal claim were presented to the state courts, or that a somewhat similar state law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The mere similarity of claims between the state appeals and the federal habeas petition is insufficient for exhaustion purposes. *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

In the present case, petitioner's second, third, and fourth claims were not properly federalized in the state courts. Although petitioner's appellate briefs with the Michigan Court of Appeals and the Michigan Supreme Court argued that the alleged errors that he complains of denied him due process or a fair trial, general appeals to broad constitutional principles, such as due process, equal protection, or the right to a fair trial, are insufficient to establish the exhaustion of federal claims, for purposes of habeas review. *Hiivala v. Wood*, 195 F. 3d 1098, 1106 (9th Cir. 1999)(citing to *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)); *See also McMeans v. Brigano,* 228 F. 3d 674, 681 (6th Cir. 2000)(general allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that

specific constitutional rights were violated).  Moreover, "[A] fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument", is insufficient to alert a state court to the opportunity to address an alleged violation of the federal constitution. *Wilder v. Cockrell,* 274 F. 3d 255, 260 (5th Cir. 2001).

The mere fact that petitioner's state appellate brief cited to several federal cases in support of his second claim involving the improper admission of "bad acts" evidence under M.R.E. 404(b) is insufficient for exhaustion purposes. These federal cases involved a violation of F.R.E. 404(b), the federal counterpart of M.R.E. 404(b), and the holding in those cases did not rely on any provision of the federal constitution.  Petitioner's use of these federal cases in his state appellate briefs actually underscores the fact that he was pressing this issue as a purely state law claim, because it is clear that he offered these cases by analogy for the purpose of bolstering his state law claim. *See Casella v. Clemons,* 207 F. 3d 18, 21 (1st Cir. 2000).

Petitioner's third claim involving the insufficiency of the evidence to convict him was raised in the state courts as an alleged violation of Michigan's *corpus delicti* rule.  Because petitioner's sufficiency of evidence claim was raised purely as an issue of state law, it was insufficient to exhaust petitioner's claim as a federal constitutional issue. *See Clements v. Maloney,* 359 F. Supp. 2d 2, 9-10 (D. Mass. 2005).

Lastly, petitioner's claim that the trial court improperly departed from the

5

sentencing guidelines range was not exhausted in state court, for purpose of habeas review, where the claim as presented in state court was grounded solely in state law, and was not presented in a manner that would call to mind any specific federal right. *See Acosta v. Giambruno,* 326 F. Supp. 2d 513, 521 (S.D.N.Y. 2004).

In the present case, petitioner failed to fairly present his second, third, or fourth claims as federal constitutional claims to the state courts as required to satisfy the exhaustion requirement, where the only citations to federal authority in his state briefs were claims in his brief headings and conclusions that the errors violated his rights to a fair trial and due process, and secondary citations to federal cases to support his state-based claims. *See Blackmon v. Booker,* 394 F. 3d 399, 400-01 (6th Cir. 2004).

Petitioner's method of properly exhausting this claim in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502.  A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

## III. ORDER

Based on the foregoing, the Court **VACATES** its order to hold the motion to dismiss in abeyance.

THE COURT **FURTHER ORDERS** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**


                s/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated: January 17, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 17, 2006, by electronic and/or ordinary mail.

                s/Carol A. Hemeyer
                Case Manager

**:**